**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **YOANKY GONZALEZ DEL RISCO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00655-DB** |
| | § | |
| **WARDEN OF THE ERO EL PASO** | § | |
| **CAMP EAST MONTANA,** *Michael* | § | |
| *Watkins in his official capacity as Director* | § | |
| *of Operations, et al.,* | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered the above-captioned case. On March 9, 2026, Petitioner Yoanky Gonzalez Del Risco filed pro se a "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 3. Petitioner is currently detained at the Camp East Montana Detention Facility in El Paso, Texas in the Western District of Texas. *Id.* at 3. Construed liberally, Petitioner argues his detention is unlawful and asks the Court to order his immediate release. *Id.* at 17. On March 10, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 7 at 3.

Petitioner is a Cuban national who entered the United States in 2005. ECF No. 3 at 5. In 2017, an Immigration Judge ("IJ") ordered Petitioner removed from the United States. *Id*. After his final order of removal, Petitioner was released from immigration custody pursuant to an Order of Supervision. *Id.* Petitioner fully complied with all terms of his OSUP. *Id.* at 6. On November 4, 2025, Petitioner was taken into custody by immigration authorities. *Id.* Among other things, Petitioner argues his current detention violates his procedural due process rights because he was

not provided with a notice of revocation, nor an informal interview. *Id.* at 6. Petitioner further alleges his detention violates his substantive due process rights because he has been in custody over 6-months with no significant likelihood of removal to Cuba or a third country. *Id.*

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Qudus v. Noem*, No. EP-25-CV-00679-DB (W.D. Tex. Jan. 20, 2026); *Huang v. Superintendent, ERO El Paso Camp East Montana*, No. EP25-CV-00730-DB (W.D. Tex. Jan. 30, 2026). The same is true on the substantive due process grounds. *See Singh v. Taylor*, No. EP-26-CV-00155-DB, 2026 WL 360913 (W.D. Tex. Feb. 9, 2026).  In their Response, Respondents fail to meaningfully address the procedural due process violations alleged by Petitioner. *See generally* ECF No. 9. Respondents do not present any evidence that ICE complied with the revocation procedures set forth in 8 C.F.R. § 241 or otherwise refute Petitioner's allegations that he was never provided notice nor an opportunity to respond to the reasons for revocation. ECF No. 9 at 2 (acknowledging "Petitioner was previously released from ICE custody under an Order of Supervision after ICE determined there was no significant likelihood of removal at that time" but makes no mention of procedures followed to revoke his release). As such, the Court finds Respondents did not follow their own regulations in 8 C.F.R. § 241, nor provide any constitutionally required alternative, thereby depriving Petitioner of his "liberty . . . without due process of law." U.S. CONST. amend V.

Further, while Respondents contend the burden to provide evidence that removal is likely has *not* shifted, the Court disagrees. Petitioner bases his claim that his removal is not reasonably foreseeable because ICE was unable to remove him to Cuba in the past, and states removal remains unlikely because the United States and Cuba do not have a repatriation agreement. ECF No. 3 at

6. Petitioner also states that no third country would accept him because while he has been willing to complete applications for travel documents to a third country, ICE has never asked him to do so or otherwise taken any action for third country removal. *Id.* In summarily deciding the burden has not shifted to Respondents to provide evidence removal *is* significantly likely in the reasonably foreseeable future, Respondents do not offer a single fact to counter Petitioner's assertions.[1] In any event, should Respondents be ready to remove Petitioner, they can do so after properly revoking his release by following their own regulations, but only after Petitioner receives the habeas relief to which he is entitled to at this moment.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Qudus* and this Court's subsequent immigration habeas cases brought by petitioners alleging violations of 8 C.F.R. § 241, **IT IS HEREBY ORDERED** Yoanky Gonzalez Del Risco's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 3, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **by no later than March 17, 2026,** subject to the conditions of supervision he was subject to prior to his most recent re-detention by immigration officials.[2]

---

[1] *See* ECF No. 9 at 5 ("Even if the burden did shift to ICE, ICE has been making efforts to effectuate Petitioner's removal and will supplant the record with a statement regarding ongoing removal efforts for Petitioner.").

[2] While both the Petition and Response are devoid of a specific date on which Petitioner was re-detained in 2025, pursuant to the instant order, Petitioner shall be released under the conditions of supervision he was on immediately prior to his current unlawful detention.

**IT IS FURTHER ORDERED** Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** a notice informing the Court of its compliance with the preceding order **no later than March 19, 2026**.

**IT IS FURTHER ORDERED** the parties **SHALL CONFER AND FILE** a notice of whether any issues remain to be resolved in this case **no later than March 23, 2026.**

**IT IS FINALLY ORDERED** the District Clerk's Office **SHALL OVERNIGHT MAIL** a copy of this order to *pro se* Petitioner Yoanky Gonzalez Del Risco (A# 098 305 252) at Camp East Montana Detention Facility, 6920 Digital Road, El Paso, Texas 79936, and **UPDATE** Petitioner's address to reflect this address.[3]

**SIGNED** this **16th** day of **March 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[3] The Court notes an error in the facility's listed address as specified by Petitioner.